UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRECIS, INC., ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CV-0346-G |
| FEDERAL INSURANCE COMPANY, an | ) | |
| Indiana stock insurance company, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the motions for summary judgment of the defendant Zurich American Insurance Company ("Zurich") and the motion of the plaintiffs Precis, Inc. ("Precis") and David May ("May"). Without reaching those motions, however, the court decides, on its own motion, to transfer this case to the Fort Worth Division.

Precis is an Oklahoma corporation with its principal place of business in Tarrant County, Texas. Petition, *attached to* Notice of Removal, at 1; Plaintiffs'

Original Petition in *Robert Kirk, et al. v. Precis, Inc., et al.*, No. 236-201468-03 in the District Court of Tarrant County, Texas ("*Kirk* Petition"), *also attached to* Notice of Removal, at 2, 3.

Federal Insurance Company ("Federal"), an Indiana insurance company, issued Precis an executive protection policy ("the Federal Policy"). Petition ¶ 1. Under the policy, Federal agreed to cover certain losses attributable to claims filed by third parties against Precis and Precis officers and/or directors, including May, between September 1, 2002 and September 1, 2003. *Id.*

Zurich, a New York insurance company, Notice of Removal ¶ 5, issued Precis a directors and officers liability and reimbursement policy of insurance ("the Zurich Policy"). Petition ¶ 2. Under that policy, Zurich agreed to cover certain losses attributable to claims filed by third parties against Precis and Precis officers and/or directors between September 1, 2003 and September 1, 2004. *Id.*

On August 29, 2003, Robert Kirk ("Kirk"), Eugene M. Kennedy ("Kennedy"), and Kimberly DeCamp ("DeCamp"), filed a suit against Precis and May in the District Court of Tarrant County, Texas. Petition ¶ 3; *see generally Kirk* Petition. Kirk, Kennedy, and DeCamp alleged that Precis and May had interfered with their attempt to exercise their Precis stock warrants and options. *Kirk* Petition ¶ 2. On September 10, 2003, the *Kirk* Petition was served on Precis and May. Petition ¶ 4.

Precis and May promptly notified Federal and Zurich of the *Kirk* case. *Id.* ¶ 5. Both Federal and Zurich denied coverage under their respective policies. *Id.*

On July 28, 2004, Precis and May filed this declaratory judgment action in the District Court of Oklahoma County, Oklahoma, against Federal and Zurich ("Precis state court action").[1] *See generally* Petition. Specifically, Precis and May sought a "declaratory judgment against defendants [Federal and Zurich] concerning plaintiffs' rights to coverage under the Federal Policy and the Zurich Policy." *Id*. ¶ 7(a).

Federal and Zurich timely removed the Precis state court action to the United States District Court for the Western District of Oklahoma. Notice of Removal. Federal then moved that court to transfer the action to this court. On February 14, 2005, the Honorable Vicki Miles-LaGrange of the United States District Court for the Western District of Oklahoma transferred the case to the United States District Court for the Northern District of Texas. In transferring the case to this court, Judge LaGrange noted first, the *Kirk* suit, the precipitating dispute, was filed in Tarrant County, Texas; second, Precis resides in Grand Prairie, Texas,[2] "which is located in

---

[1]  Case Number CJ-2004-6150.

[2]  The Federal Policy lists Precis's address as follows:
    PRECIS, INC.
    2040 N. Highway 360
    Grand Prairie, TX 75050

Plaintiffs' Motion for Summary Judgment and Brief in Support, Exhibit 1, Executive Protection Policy.

(continued...)

Dallas County, in the Transferee District";[3] and third, Federal and Zurich mailed their respective denial of coverage letters to Precis at its Tarrant County address. Order dated February 14, 2005 at 3-4.

The claims in this case arise out of events that occurred in Tarrant County, Texas, which is in the Fort Worth Division of this court. 28 U.S.C. § 124(a)(2). A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404. Under this statute, the court may transfer a case upon a motion or *sua sponte*. *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987). There being no apparent connection between this case and the Dallas Division, this case is **TRANSFERRED** on the court's own motion, pursuant to 28 U.S.C. § 1404(a), to the **Fort Worth Division** of this court, for random reassignment to a judge resident in that division.

---

[2](...continued)
The Zurich Policy lists Precis's address as follows:

> PRECIS, INC.
> 2040 N. HIGHWAY 360
> GRAND PRAIRIE, TX 75050
> USA

Plaintiffs' Motion for Summary Judgment and Brief in Support, Exhibit 2, Directors and Officers Liability and Reimbursement Policy.

[3]     Contrary to Judge Miles-LaGrange's statement, Precis resides in Tarrant County, Texas, as recognized in the *Kirk* Petition. See *Kirk* Petition ¶ 7.

- 4 -

**SO ORDERED**.

June 27, 2005.

                                              _____
                                              A. JOE FISH
                                              CHIEF JUDGE